# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| OAK GROVE TECHNOLOGIES, LLC, | ) ) ) ) |
| Plaintiff-Appellee, | ) Nos. 22-1556, 22-1557 ) |
| v. | ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant-Appellant, | ) ) |
| and | ) ) |
| F3EA, INC., | ) ) |
| Defendant-Appellant. | ) ) |

## DEFENDANT-INTERVENOR APPELLANT F3EA, INC.'S MOTION FOR EXTENSION OF TIME TO FILE OPENING BRIEF TO CORRESPOND WITH THE UNITED STATES' DEADLINE

Pursuant to Rule 26 of the Federal Rules of Appellate Procedure and Federal Circuit Rules 26 and 27, Defendant-Intervenor Appellant, F3EA, Inc. ("F3EA"), hereby moves the Court to extend the time for filing its opening brief in this matter by the same period that it extends the United States' deadline for an opening brief.

The present deadline for filing F3EA's and the United States' opening brief is Monday, December 19, 2022. On Monday, December 12, 2022, the United States filed a fifth Motion for Enlargement of Time (Dkt. No. 32), requesting an extension

1

of 45 days, to and including February 2, 2023, for the United States to file its opening brief. (Dkt. No. 32.) The United States has requested four prior extensions to file its opening brief, which each have been granted, extending the opening brief deadline from May 23, 2022, to the current deadline of December 19, 2022. (Dkt. Nos. 19, 25, 28, 31.) F3EA has been granted the same extensions so that all Defendant-Appellants would have equivalent deadlines. While F3EA did not object to these four prior extension requests, in response to the last three requests by the United States, F3EA indicated that extensions of a shorter period of time would be more appropriate (Dkt. No. 22), and also stated that it preferred for this matter to proceed immediately. (Dkt. Nos. 26, 29.) While F3EA has not objected to the prior extension requests, it did not consent to the United States' Motion requesting an extension until February 2, 2023 as F3EA believes this matter, which involves a 9-figure contract for training of our nation's elite special forces, needs to be resolved and should proceed on a more expeditious schedule. (Dkt. No. 32.) F3EA is further concerned that the United States represented two extension requests ago—when it sought an extension (through November 4, 2022)—that its third request for an extension would be its "final request." (Dkt. No. 26 at 2.)

However, to the extent the Court grants the United States' Motion for an extension that was filed on December 12, 2022 (Dkt. No. 32), F3EA reluctantly seeks an equal extension of the same period so that all opening briefs are due at the

59749122v2

same time. Therefore, to the extent that the United States' deadline is extended to February 2, 2023, which equates to 45 days, F3EA seeks an equal extension of time. If the Court grants a shorter extension, F3EA seeks an extension of the same amount.

F3EA believes that, to the extent that the United States' Motion (Dkt. No. 32) is granted, an extension of F3EA's opening brief deadline is appropriate for several reasons and that good cause exists for granting this request.

First, since F3EA and the United States are both Defendant-Appellants, it is in the interest of efficiency and judicial economy for the parties to be on the same briefing schedule. Moreover, for purposes of efficiently preparing the joint appendix, it is important that all parties coordinate to avoid unnecessary duplication, and an extension of time provided to the Defendant-Appellants on an equivalent basis will assist with that effort. Finally, F3EA is still evaluating the issues and arguments for appeal and expects that the issues the United States intends to raise on appeal may influence the issues F3EA raises on appeal. F3EA cannot finalize its opening brief until the United States determines which issues it will address on appeal. Accordingly, F3EA needs a similar extension to finalize and file its opening brief.

Therefore, F3EA should be granted an extension of time to file its opening brief that corresponds with any extension granted to the United States for its

59749122v2

opening brief.

Counsel for F3EA inquired with counsel for plaintiff-appellee, Oak Grove Technologies, LLC ("Oak Grove"), and defendant-appellant, United States. Counsel for the United States and Oak Grove have confirmed that they do not object to this Motion.

                                              Respectfully Submitted,

                                       /s/  Joshua A. Mullen
***Counsel of Record:***
Joshua A. Mullen
Womble Bond Dickinson (US) LLP
2001 K Street, NW, Suite 400 South,
Washington D.C.  20006
Email:  josh.mullen@wbd-us.com
Phone: 202.857.4522

Raymond M. Bennett
555 Fayetteville Street, Suite 1100,
Raleigh, NC, 27601
Email: ray.bennett@wbd-us.com
Phone: 919.755.2158
***Submitted on Behalf of Defendant-Intervenor Appellant F3EA, Inc.***

59749122v2

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| OAK GROVE TECHNOLOGIES, LLC, | ) ) ) ) |
| Plaintiff-Appellee, | ) Nos. 22-1556, 22-1557 ) |
| v. | ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant-Appellant, | ) ) |
| and | ) ) |
| F3EA, INC., | ) ) |
| Defendant-Appellant. | ) ) |

## DECLARATION OF JOSHUA A. MULLEN

I, Joshua A. Mullen, under penalty of perjury declare as follows:

1. I have personal knowledge of all matters set forth in this Declaration. I am over 21 years of age and competent to testify to the matters contained herein.

2. I believe there is good cause to extend F3EA's deadline for its opening brief to the same deadline as the United States.

3. F3EA has previously sought and was granted four extensions in this appeal to correspond with the United States' extensions.

59749122v2

4. F3EA believes that this extension is appropriate for several reasons and that good cause exists for granting this request. First, since F3EA and the United States are both Defendant-Appellants, it is in the interest of efficiency and judicial economy for the parties to be on the same briefing schedule. Moreover, for purposes of efficiently preparing the joint appendix, it is important that all parties coordinate to avoid unnecessary duplication, and an extension of time provided to the Defendant-Appellants on an equivalent basis will assist with that effort. Finally, F3EA is still evaluating the issues and arguments for appeal and expects that the issues the United States intends to raise on appeal may influence the issues F3EA raises on appeal. F3EA cannot finalize its opening brief until the United States determines which issues it will address on appeal. Accordingly, F3EA needs a similar extension to finalize and file its opening brief.

5. In addition, F3EA is still evaluating the issues and arguments for appeal and expects that the issues the United States intends to raise on appeal may influence the issues F3EA raises on appeal. Accordingly, F3EA requires additional time to finalize and prepare its opening brief.

6. Granting F3EA the same extension the Court grants to the United States will not delay this matter and will allow F3EA to better narrow and address the necessary issues for the Court.

59749122v2

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

**EXECUTED DECEMBER 12, 2022**

/s/ Joshua A. Mullen

By:    Joshua A. Mullen, *Counsel for F3EA, Inc.*

### CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2). According to the word-processing system used to prepare this document, the motion contains 642 words.

/s/ Joshua A. Mullen<br>
Joshua A. Mullen<br>
<i>Counsel for F3EA, Inc.</i>

59749122v2