No. 22-1556, 22-1557

United States Court of Appeals
for the Federal Circuit

OAK GROVE TECHNOLOGIES, LLC,
*Plaintiff-Appellee*
v.

UNITED STATES OF AMERICA,
*Defendant-Appellant*
and

F3EA, INC.,
*Defendant-Intervenor-Appellant*

ON APPEAL FROM THE UNITED STATES COURT OF FEDERAL CLAIMS
in 1:21-cv-00775, Judge Solomson

<u>F3EA, INC.'S MOTION FOR LEAVE TO FILE ITS CONFIDENTIAL
OPENING BRIEF UNDER SEAL AND FOR AN EXTENSION OF TIME
TO FILE ITS NON-CONFIDENTIAL BRIEF</u>

Joshua A. Mullen
WOMBLE BOND DICKINSON (US) LLP
2001 K Street, NW
Suite 400 South
Washington, DC 20006
202-857-4522

Raymond M. Bennett
WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
(919) 755-2100

*Counsel for Appellant F3EA, Inc.*

February 2, 2023

Pursuant to Federal Rule of Appellate Procedure 27 and Federal Circuit Rule 27, Defendant-Intervenor-Appellant F3EA, Inc. ("F3EA") respectfully requests leave to file under seal its Confidential Opening Brief, which is being filed on the same day as this motion, pending the preparation of a nonconfidential version of the Opening Brief, and (if necessary) a modified version of the confidential version of the Opening Brief, in compliance with Federal Circuit Rule 25.1(d)(1). In accordance with Federal Circuit Rule 26(b)(4), F3EA also requests leave to file the nonconfidential version of its Opening Brief by February 8, 2023, and (if necessary) a modified version of its Confidential Opening Brief.

Counsel for F3EA has discussed this motion with counsel for Plaintiff-Appellee Oak Grove Technologies, LLC ("OGT") and Defendant-Appellant United States of America. Neither OGT nor the Government object to this motion.

This case is subject to a Protective Order in the Court of Federal Claims. *See* Ex. 1 attached hereto. The Opening Brief for which F3EA seeks leave here discusses issues that are subject to that Protective Order.

The Federal Circuit Rules limit the number of words that may be treated as confidential in a brief and require the filing of separate confidential and nonconfidential versions of a brief. Fed. Cir. R. 25.1(d)(1). F3EA seeks leave of the Court to file the Opening Brief under seal pending discussions with OGT and the Government. F3EA has proposed for redaction language in its Opening Brief that it

believes the parties may wish to protect. F3EA needs to confer with and confirm its proposed redactions with the other parties to the litigation prior to filing the nonconfidential version of its Opening Brief. If the parties agree on different redactions, then F3EA also anticipates filing a modified version of its confidential brief. The only changes to the confidential brief would be revisions to the highlighted words to be treated as confidential in order to reflect further discussion with the other parties.

To allow time for those discussions, F3EA requests that it be allowed to file the nonconfidential version of its Opening Brief no later than February 8, 2023. If necessary, following those discussions, F3EA will also file a corrected version of its Confidential Opening Brief to reflect any changes to the highlighted confidential information. Also, to the extent necessary, F3EA will file a motion to exceed the limit of fifty confidential words pursuant to Fed. Cir. R. 25(d)(3).

The Government has also filed a motion seeking an extension of time to file its nonconfidential brief for similar reasons, *see* Doc. No. 36, which the Court granted earlier today. Doc. No. 37

## **CONCLUSION**

For these reasons, F3EA respectfully requests leave of this Court to permit F3EA to file its Confidential Opening Brief under seal, to file the nonconfidential

version of its Opening Brief no later than February 8, 2023, and (if necessary) to file a modified version of its Confidential Opening Brief on that same date.

        Respectfully Submitted,

/s/ Joshua A. Mullen
*Counsel of Record:*
Joshua A. Mullen
Womble Bond Dickinson (US) LLP
2001 K Street, NW, Suite 400 South,
Washington D.C. 20006
Email: josh.mullen@wbd-us.com
Phone: 202.857.4522
&
Raymond M. Bennett
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100,
Raleigh, NC, 27601
Email: ray.bennett@wbd-us.com
Phone: 919.755.2158

*Submitted on Behalf of Defendant-Intervenor Appellant F3EA, Inc.*

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| OAK GROVE TECHNOLOGIES, LLC )<br>)<br>Plaintiff-Appellee, )<br>)<br>v. )<br>)<br>THE UNITED STATES, )<br>)<br>Defendant-Appellant )<br>and )<br>)<br>F3EA, INC., )<br>)<br>Intervenor-Appellant )<br>) | Case Nos. 22-1556, 22-1557 |

### DECLARATION OF COUNSEL FOR F3EA

I, Joshua A. Mullen, hereby state the following:

1. I am an attorney with Womble Bond Dickinson (US) LLP located at 2001 K Street NW, Suite 400, South, Washington, DC 20006. I am counsel of record for Intervenor-Appellant F3EA, Inc. ("F3EA").

2. F3EA is filing its Confidential Opening Brief as scheduled on February 2, 2023.

3. The extension of time requested in F3EA's Motion for Leave to File its Confidential Opening Brief Under Seal and for an Extension of Time to File its Non-Confidential Brief will permit the parties to review the Confidential Opening Brief,

5

confer on issues of confidentiality and allow F3EA to prepare an appropriate non-confidential version of the opening brief, as well as a corrected version of the confidential brief, if necessary following resolution of the parties' discussions.

    4.    The extension of time requested is warranted to allow time for those discussions.

    5.    I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

February 2, 2023

/s/  Joshua A. Mullen
Joshua A. Mullen
*Counsel for F3EA, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on Thursday, February 2, 2023, a copy of the foregoing Defendant-Intervenor Appellant F3EA, Inc.'s Motion for Leave to File its Confidential Opening Brief Under Seal and for an Extension of Time to File its Non-Confidential Brief was filed through the Court's ECF System and therefore served by electronic delivery on:

Joe Pixley
Trial Attorney
Civil Division, Commercial Branch United States Department of Justice
PO Box 480
Ben Franklin Station
Washington, DC  20044
Email:  Joe.Pixley@usdoj.gov
*Attorney for the United States*

Craig Holman
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave, N.W.
Washington, DC  20001
Phone:  202-942-5722
Fax: 202-942-5999
Email:  Craig.Holman@arnoldporter.com
*Attorney for Oak Grove Technologies, LLC*

                                                    /s/   Joshua A. Mullen
                                                    Joshua A. Mullen
                                                    *Counsel for F3EA, Inc.*

# **CERTIFICATE OF COMPLIANCE**

1. This motion complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    [ X ] this brief contains [*487*] words.

    [   ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2. This brief complies with the typeface and type style requirements because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 365*] in [*14pt Times New Roman*]; *or*

    [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: February 2, 2023                     /s/ Joshua A. Mullen
                                            *Counsel for Appellant F3EA, INC.*

## **TABLE OF CONENTS FOR EXHIBIT**

| Exhibit # | Document |
|---|---|
| 1 | U.S. Court of Federal Claims Protected Order, dated January 21, 2021 |

# EXHIBIT 1

# FORM 8
## PROTECTIVE ORDER IN PROCUREMENT PROTEST CASES

# United States Court of Federal Claims

|  |  |
|---|---|
| Oak Grove Technologies, LLC, | ) |
| Plaintiff, | ) No. 21-775 C |
| v. | ) Judge Solomson |
| THE UNITED STATES, | ) |
| Defendant. | ) |

**PROTECTIVE ORDER**

The court finds that certain information likely to be disclosed orally or in writing during the course of this litigation may be competition-sensitive or otherwise protectable and that entry of a Protective Order is necessary to safeguard the confidentiality of that information. Accordingly, the parties shall comply with the terms and conditions of this Protective Order.

I.

1. Protected Information Defined. "Protected information" as used in this order means information that must be protected to safeguard the competitive process, including source selection information, proprietary information, and confidential information contained in:
    - (a) any document (e.g., a pleading, motion, brief, notice, or discovery request or response) produced, filed, or served by a party to this litigation; or
    - (b) any deposition, sealed testimony or argument, declaration, or affidavit taken or provided during this litigation.

2. Restrictions on the Use of Protected Information. Protected information may be used solely for the purposes of this litigation and may not be given, shown, made available, discussed, or otherwise conveyed in any form except as provided herein or as otherwise required by federal statutory law.

203

II.

3. <u>Individuals Permitted Access to Protected Information.</u> Except as provided in paragraphs 7 and 8 below, the only individuals who may be given access to protected information are counsel for a party and independent consultants and experts assisting such counsel in connection with this litigation.

4. <u>Applying for Access to Protected Information.</u> An individual seeking access to protected information pursuant to Appendix C, Section VI of this court's rules must read this Protective Order; must complete the appropriate application form (Form 9—"Application for Access to Information Under Protective Order by Outside or Inside Counsel," or Form 10—"Application for Access to Information Under Protective Order by Expert Consultant or Witness"); and must file the executed application with the court.

5. <u>Objecting to an Application for Admission.</u> Any objection to an application for access must be filed with the court within two (2) business days of the objecting party's receipt of the application.

6. <u>Receiving Access to Protected Information.</u> If no objections have been filed by the close of the second business day after the other parties have received the application, the applicant will be granted access to protected information without further action by the court. If any party files an objection to an application, access will only be granted by court order.

7. <u>Access to Protected Information by Court, Department of Justice, and Agency Personnel.</u> Personnel of the court, the procuring agency, and the Department of Justice are automatically subject to the terms of this Protective Order and are entitled to access to protected information without further action.

8. <u>Access to Protected Information by Support Personnel.</u> Paralegal, clerical, and administrative support personnel assisting any counsel who has been admitted under this Protective Order may be given access to protected information by such counsel if those personnel have first been informed by counsel of the obligations imposed by this Protective Order.

III.

9. <u>Identifying Protected Information.</u> Protected information may be provided only to the court and to individuals admitted under this Protective Order and must be identified as follows:
    (a) if provided in electronic form, the subject line of the electronic transmission shall read **"CONTAINS PROTECTED INFORMATION"**; or
    (b) if provided in paper form, the document must be sealed in a parcel containing the legend **"PROTECTED INFORMATION ENCLOSED"** conspicuously marked on the outside.

    The first page of each document containing protected information, including courtesy copies for use by the judge, must contain a banner stating **"Protected Information to Be**

**Disclosed Only in Accordance With the U.S. Court of Federal Claims Protective Order"** and the portions of any document containing protected information must be clearly identified.

10. <u>Filing Protected Information.</u> Pursuant to this order, a document containing protected information may be filed electronically under the court's electronic case filing system using the appropriate activity listed in the **"SEALED"** documents menu. If filed in paper form, a document containing protected information must be sealed in the manner prescribed in paragraph 9(b) and must include as an attachment to the front of the parcel a copy of the certificate of service identifying the document being filed.

11. <u>Protecting Documents Not Previously Sealed.</u> If a party determines that a previously produced or filed document contains protected information, the party may give notice in writing to the court and the other parties that the document is to be treated as protected, and thereafter the designated document must be treated in accordance with this Protective Order.

IV.

12. <u>Redacting Protected Documents For the Public Record.</u>
    (a) <u>Initial Redactions</u>. After filing a document containing protected information in accordance with paragraph 10, or after later sealing a document pursuant to paragraph 11, a party must promptly serve on the other parties a proposed redacted version marked **"Proposed Redacted Version"** in the upper right-hand corner of the first page with the claimed protected information deleted.
    (b) <u>Additional Redactions</u>. If a party seeks to include additional redactions, it must advise the filing party of its proposed redactions within two (2) business days after receipt of the proposed redacted version, or such other time as agreed upon by the parties. The filing party must then provide the other parties with a second redacted version of the document clearly marked **"Agreed-Upon Redacted Version"** in the upper right-hand corner of the page with the additional information deleted.
    (c) <u>Final Version</u>. At the expiration of the period noted in (b) above, or after an agreement between the parties has been reached regarding additional redactions, the filing party must file with the court the final redacted version of the document clearly marked **"Redacted Version"** in the upper right-hand corner of the first page. This document will be available to the public.
    (d) <u>Objecting to Redactions</u>. Any party at any time may object to another party's designation of certain information as protected. If the parties are unable to reach an agreement regarding redactions, the objecting party may submit the matter to the court for resolution. Until the court resolves the matter, the disputed information must be treated as protected.

205

Case 1:22-cv-00755-NJR Document 68 Filed 02/22/2023 Page 14 of 15

V.

13. Copying Protected Information. No party, other than the United States, may for its own use make more than three (3) copies of a protected document received from another party, except with the consent of all other parties. A party may make additional copies of such documents, however, for filing with the court, service on the parties, or use in discovery and may also incorporate limited amounts of protected information into its own documents or pleadings. All copies of such documents must be clearly labeled in the manner required by paragraph 9.

14. Waiving Protection of Information. A party may at any time waive the protection of this order with respect to any information it has designated as protected by advising the court and the other parties in writing and identifying with specificity the information to which this Protective Order will no longer apply.

15. Safeguarding Protected Information. Any individual admitted under this Protective Order must take all necessary precautions to prevent disclosure of protected information, including but not limited to physically securing, safeguarding, and restricting access to the protected information.

16. Breach of the Protective Order. If a party discovers any breach of any provision of this Protective Order, the party must promptly report the breach to the other parties and immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to individuals not admitted under this Protective Order. The parties must reasonably cooperate in determining the reasons for any such breach.

17. Seeking Relief From the Protective Order. Nothing contained in this order shall preclude a party from seeking relief from this Protective Order through the filing of an appropriate motion with the court setting forth the basis for the relief sought.

VI.

18. Maintaining Filed Documents Under Seal. The court will maintain properly marked protected documents under seal throughout this litigation.

19. Retaining Protected Information After the Termination of Litigation. Upon conclusion of this action (including any appeals and remands), the original version of the administrative record and any other materials that have been filed with the court under seal will be retained by the court pursuant to RCFC 77.4(c). Copies of such materials may be returned by the court to the filing parties for disposition in accordance with paragraph 20 of this Protective Order.

20. Disposing of Protected Information. Within thirty (30) days after the conclusion of this action (including any appeals and remands), each party must destroy all protected information received pursuant to this litigation and certify in writing to each other party

that such destruction has occurred or must return the protected information to the parties from which the information was received. With respect to electronically stored information (ESI) stored on counsel's computer network(s), destruction of ESI for purposes of compliance with this paragraph shall be complete when counsel take reasonable steps to delete all such ESI from the active email system (such as, but not limited to, the "Inbox," "Sent Items," and "Deleted Items" folders) of admitted counsel and of any personnel who received or sent emails with protected information while working under the direction and supervision of such counsel, and by deleting any protected ESI from databases under counsel's control. Compliance with this paragraph does not require counsel to search for and remove ESI from any computer network back-up tapes, disaster recovery systems, or archival systems. Each party may retain one copy of such documents, except when the retention of additional copies is required by federal law or regulation, provided those documents are properly marked and secured.

IT IS SO ORDERED.

s/ Matthew H. Solomson
_____
Judge