

# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT
717 MADISON PLACE, N.W.
WASHINGTON, D.C. 20439

PETER R. MARKSTEINER
CLERK OF COURT

CLERK'S OFFICE
202-275-8000

May 24, 2023

2022-1556 - Oak Grove Technologies, LLC v. US

# NOTICE OF NON-COMPLIANCE

The documents (Confidential Appendix; Appendix) submitted by United States are not in compliance with the rules of this court. Within <u>five business</u> days from the date of this notice, please submit a corrected version of these documents correcting the following:

- The nonconfidential version must describe the general nature of the confidential material that has been deleted, with applicable page numbers, in the table of contents, or in the introductory paragraph of the document if it does not contain a table of contents. Fed. Cir. R. 25.1(e)(1)(B). Refer to the Practice Notes to Rule 25.1 (Describing the General Nature of Confidential Material Deleted from the Nonconfidential Version).

- Pages of the nonconfidential version containing redactions must bear a legend so stating. Fed. Cir. R. 25.1(e)(1)(B). Refer to the Practice Notes to Rule 25.1 (Noting Redactions in the Nonconfidential Version).

- The nonconfidential version of the appendix does not need a general descriptor of the redacted material over the deletion or redaction. Fed. Cir. R. 25.1(e)(1)(B). Refer to the Practice Notes to Rule 25.1 (Noting Redactions in the Nonconfidential Version). *Clerk's Note: The descriptor should not state PII for non-PII information.*

- Confidential material must be identified by using brackets or highlighting. Fed. Cir. R. 25.1(e)(1)(A). Refer to the Practice Notes to Rule 25.1 (Noting Confidential Material in the Confidential Version; Record Material That Exists in Two Versions). *Clerk's Note: Each page of a confidential document should not include a legend stating Confidential.*

- Please ensure all pages of the pdf have been rotated to be displayed correctly.

- The document does not contain the required proof of service or the proof of service indicates improper service of material that cannot be served through the court's electronic filing system. Fed. R. App. P. 25(d); Fed. Cir. R. 21(a)(3) (writ petitions); Fed. Cir. R. 25(e) (all other documents); Fed. Cir. R. 25(i)(1) (Corrected Filings). If a party has stated consent to an alternative method of service than that required by the rule, the proof of service must so indicate. Fed. R. Cir. 25(e)(4).

* * *

If applicable, the deadline for the next or responsive submission is computed from the original submission date, not the submission date of the corrected version.

When filing the corrected document, please include the word "Corrected" in the document title or on the cover. See Fed. Cir. R. 25(c)(4) and Fed. Cir. R. 25(i) for information concerning corrected filings.

<u>A party's failure to timely file a corrected document curing all defects identified on this notice may result in the original document being stricken from the docket.</u> An appellant's failure to cure a defective filing may also result in the dismissal of the appeal pursuant to Fed. R. App. P. 31(c).

FOR THE COURT

<u>/s/ Peter R. Marksteiner</u>
Peter R. Marksteiner
Clerk of Court
By: M. Ames, Deputy Clerk